Exhibit A

## STATE COURT OF WAYNE COUNTY
## STATE OF GEORGIA

**⚜ EFILED IN OFFICE**
CLERK OF STATE COURT
WAYNE COUNTY, GEORGIA

## STCV2018000059

DEC 04, 2018 10:52 AM

*Frances B. Yeargan*
Frances Yeargan, Clerk
Wayne County, Georgia

CIVIL ACTION NUMBER  STCV2018000059

Harter, Justin D.

**PLAINTIFF**

VS.

Wal-Mart Stores, Inc.
Wal-Mart Stores East, LP
Wal-Mart Stores East, Inc.

**DEFENDANTS**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brady Thomas**
> **Richardson Patrick Westbrook & Brickman, LLC**
> **P.O. Box 1368**
> **1730 Jackson Street**
> **Barnwell, South Carolina 29812**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 4th day of December, 2018.

Clerk of State Court

*Frances B. Yeargan*
Frances Yeargan, Clerk
Wayne County, Georgia

Page 1 of 1

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
WAYNE COUNTY, GEORGIA

**STCV2018000059**

DEC 04, 2018 10:52 AM

*Frances B. Yeargan*
Frances Yeargan, Clerk
Wayne County, Georgia

IN THE STATE COURT OF WAYNE COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| | ) | C/A #: _____ |
| JUSTIN DANIEL HARTER, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| vs. | ) | (Jury Trial Demanded) |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| WAL-MART STORES EAST, LP, and | ) | |
| WAL-MART STORES EAST, INC. | ) | |
| | ) | |

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff Justin Daniel Harter, who, in support of his claims against Defendant Wal-Mart Stores, Inc., Wal-Mart Stores East LP, and Wal-Mart Stores East, Inc. (collectively "Wal-Mart Defendants") alleges as follows:

## INTRODUCTION

1. On or about December 8, 2016, a portable plastic gas can manufactured by the Blitz U.S.A. and sold by all Defendants exploded causing Plaintiff to suffer severe burns which have caused them to incur substantial medical expenses, disfigurement and other recoverable damage. This action is brought against the Defendants pursuant to the laws of the State of Georgia to recoup all compensatory and punitive damages to which the Plaintiffs are entitled as a result of the personal injuries suffered.

## PARTIES

2. Plaintiff Justin Harter is an individual, citizen, and resident of Wayne County, Georgia.

3. Defendant Wal-Mart Stores, Inc. and Defendant Walmart INC. are Delaware corporations engaged in business in Georgia with their principal places of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, Inc. is an Arkansas corporation engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. All defendants (hereinafter collectively "Wal-Mart") may be served process through their registered agent THE CORPORATION COMPANY, 112 North Main Street, Cumming, Georgia 30040.

4. Defendants have each purposefully availed themselves of the privilege of conducting business activities within the State of Georgia by placing their products, including the

1

portable gasoline container at issue in this matter, into the stream of commerce and by advertising their products and establishing retail facilities within the state.

5. Defendants derive substantial revenue from goods sold and used in the State of Georgia.

6. Defendants do reasonably expect, or should reasonably expect, that their business activities could or would have consequences within the State of Georgia.

7. Defendants have established continuous and systematic contacts with the State of Georgia sufficient to confer general jurisdiction pursuant to O.C.G.A. §9-10-91.

8. Venue is proper in this County because the Defendants do not reside in Georgia and the Plaintiff resides in the County.

## FACTUAL BACKGROUND

9. At a time prior to December 8, 2016, Blitz U.S.A. designed and manufactured a portable plastic gas can for sale in the stream of commerce (referred to hereinafter as "Subject Gas Can").

10. At a time prior to December 8, 2016, the Subject Gas Can was sold by the Wal-Mart Defendants to a family member of the Plaintiff.

11. On or about December 8, 2016, Plaintiff used the Subject Gas Can to pour gas to be used in the ignition of wood in a metal stove in his yard in Wayne County, Georgia. Shortly thereafter, gasoline vapors outside the Subject Gas Can ignited and the flame flashed back into the vapor trail inside the container, causing the Subject Gas Can to explode. The explosion caused severe injury to Plaintiff.

12. The Wal-Mart Defendants sold the sold the Subject Gas Can and in connection with that sale warranted that the Subject Gas Can was fit for ordinary purposes and not unreasonably dangerous.

13. The Subject Gas Can was not modified or altered after it left Defendants' control, and Plaintiff was utilizing the Subject Gas Can in an ordinary and reasonable manner in which the Subject Gas Can was intended and reasonably expected to be used.

14. Prior to the manufacturer and sale of the Subject Gas Can, Defendants were aware that Blitz gas can owners use the cans to pour gas as an ignition source for burning debris. Thus, Plaintiff's use of the Subject Gas Can was reasonably foreseeable.

2

15. The Subject Gas Can was defective and unsafe for its intended purposes at the time it left the control of Defendants in that the design failed to include a flame arrestor device, which is a necessary safety device that would have prevented the injuries set forth herein.

16. Prior to the manufacturer and sale of the Subject Gas Can, Defendants were aware that other manufacturers including Eagle Manufacturing and Chilton had chosen to incorporate flame arrestors into plastic gas cans. Thus, the incorporation of flame arrestors into plastic gas cans was technologically feasible.

17. Defendants knew or should have known of the Subject Gas Can's susceptibility to flashback which occurs when gasoline vapors ignite and the flames chase the vapor trail back into the can, causing an explosion and/or spew of flames and burning gasoline.

18. Prior to the explosion of the Subject Gas Can, the Plaintiff was not aware that the gas can could have been sold with a flame arrestor and/or that it did not contain a flame arrestor, nor were they aware that a fire could follow fumes and flash back into the can.

19. As a direct and proximate result of Defendants' acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can, which lacked a flame arrestor/flashback arrestor, Plaintiff suffered and continues to suffer severe personal injuries, including, but not limited to, severe burns, physical pain and impairment, physical disfigurement and other recoverable damage.

## CAUSES OF ACTION
## COUNT 1
## BREACH OF WARRANTY

20. Plaintiff re-alleges and incorporates into this count each and every preceding allegation as if fully pled herein.

21. The Wal-Mart Defendants, by and through the sale of its portable gas cans, expressly and impliedly warranted to the consumer and/or foreseeable users, such as Plaintiffs, that the container was fit for its ordinary and foreseeable purposes.

22. The Wal-Mart Defendants violated O.C.G.A. § 11-2-314 (2)(c) (the implied warranty of merchantability) by selling the plastic gas can without a flame arrestor. The gas can without the flame arrestor as described herein was unreasonably dangerous and not fit for ordinary purposes.

23. Plaintiff made ordinary use of the container in reliance on said warranties.

24. Contrary to said warranties, the portable gas can was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

3

25. Wal-Mart Defendants breached its implied warranties by one or more of the following respects, among others:

    a.  Failure of the gas can itself and by improper marketing;

    b.  Selling the gas can without a flame arrestor and/or other safety devices to make the gas can safe for its foreseeable environment;

    c.  Selling the gas can without providing adequate warnings about the inherent dangers involved in the use of gasoline and its gas can;

    d.  Selling the gas can without warning that the gas can was not equipped with a flame arrestor or other safety devices;

    e.  The gas can, as sold, posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer, and the risks associated with its design outweighed its utility;

    f.  Wal-Mart Defendants knew or should have known of feasible alternative designs that would have significantly reduced and/or eliminated the risk of flammable vapor ignition and sold The Subject Gas Can without said design alternatives which would have made it safe for its foreseeable environment;

    g.  Wal-Mart Defendants knew or should have known that consumers would use gas cans to start and/or maintain fires, creating an unreasonable and unexpected hazard of vapor ignition and resulting fire, without appropriate design features to prevent flashback;

    h.  Failed to assure that the product design included a flame arrestor;

    i.  Failed to protect foreseeable users of the gas can from the dangers present in the use of such container, which dangers Wal-Mart Defendants knew or should have known existed;

    j.  Placed on the market a gas can which was unfit for its intended use; and

    k.  Placed on the market a gas can which was not safe for the ordinary purpose for which it was sold.

26. As an actual proximate result of Wal-Mart Defendants breaches of said warranties, the subject gas can was placed into the stream of commerce in a defective and unreasonably dangerous condition.  Plaintiff's injuries and the manner in which they occurred were

reasonably foreseeable to Wal-Mart Defendants, which had actual and/or constructive knowledge from within the industry, national publications, media reports, and prior claims and lawsuits, that consumers, users, children and bystanders were being routinely burned and/or killed when encountering their portable gas cans.

27. As a direct and proximate result of said breach of warranty, Plaintiff suffered severe burn injuries.

## COUNT 2
## FAILURE TO WARN

28. Plaintiff re-alleges and incorporates into this count each and every preceding allegation as if fully pled herein.

29. Defendants failed to provide adequate warnings that would be reasonably calculated to catch the attention of a reasonably prudent person given that its warnings were not conspicuous.

30. At the time the portable gas can left Defendant's control, consumers and/or foreseeable users, such as the Plaintiff, were not and still are not, likely to possess knowledge of the extent and magnitude of the risks associated with using the Subject Gas Can.

31. Without such knowledge, consumers and/or foreseeable users would not be in a position to avoid the product's inherent dangers through the exercise of ordinary and reasonable care. Conversely, Wal-Mart knew, and was in a superior position to know, that the Subject Gas Can, as designed, posed a tremendous and horrific risk of injury to consumers, users, and bystanders.

32. As a direct proximate result of one or more of the Defendants' failures to warn of the Subject Gas Can's defective design, Plaintiff suffered severe burn injuries.

33. As such, Defendants are liable pursuant to Georgia law including violating the duty to warn of non-obvious foreseeable dangers from the normal use of its products.

## COUNT 3
## NEGLIGENCE

34. Plaintiff re-alleges and incorporates into this count each and every preceding allegation as if fully pled herein.

35. Defendants had an active role in the production, design, and assembly of the subject gas can.

36. Defendants had an active role in the labeling of the Subject Gas Can, including the warning language.

5

37. Defendants had a duty to exercise reasonable care in manufacturing its products to make products that are reasonably safe for intended and foreseeable uses including foreseeable misuse.

38. Plaintiff's use of the Subject Gas Can to attempt to reignite a fire was a foreseeable use to Defendants as demonstrated by the fact that Wal-Mart had been sued on numerous occasions by other customers who were using gas cans in an attempt to start fires.

39. The Subject Gas Can was not reasonably safe for foreseeable uses in that it blew up when Plaintiff was pouring gasoline in an attempt to relight a fire.

40. Prior to the sale of the Subject Gas Can, Blitz U.S.A. recommended to Defendants that a flame arrester be incorporated into gasoline containers sold by Defendants.

41. The explosion of the Subject Gas Can would not have occurred but for Defendants' refusal to approve Blitz U.S.A.'s recommendation to add a flame arrestor to the gasoline containers sold at Wal-Mart stores.

42. Defendants' rejection of Blitz U.S.A.'s recommendation to add a flame arrester breached its duty to make products which are reasonably safe for foreseeable uses and thus was negligent in the design of the gas can at issue.

43. As a direct proximate result of one or more of the Defendants' negligence in the design and labeling of the Subject Gas Can, Plaintiff suffered severe burn injuries.

44. As such, Defendants are liable pursuant to Georgia law for the damages caused by Defendants' negligence.

## CAUSATION AND DAMAGES

45. Plaintiff re-alleges and incorporates in this section each and every preceding allegation as if fully pled herein.

46. Defendants caused Plaintiff significant and permanent injury and harm as a result of the negligence and other tortious conduct set forth herein. Plaintiff demands money damages consistent with Georgia law for the harm inflicted by Defendants, including, but not limited to the following:

    a. Past and future costs of medical care;

    b. Past and future losses of wages, entitlements, support and other recoverable economic losses;

6

   c.  Past and future emotional distress;

   d.  Past and future pain and suffering; and

   e.  Past and future hedonic damages.

47. Defendants have exhibited such willful disregard and/or absence of due care and/or recklessness and/or gross negligence such that punitive damage are appropriate in this action pursuant to O.C.G.A § 51-12-5.1. Defendants' conduct includes refusing to incorporate a flame arrestor in the Subject Gas Can and selling the Subject Gas Can without a flame arrestor despite inter alia knowledge of the feasibility and relative inexpensive nature of such a device; the propensity of Blitz gas can users to use gas cans in a manner such as that used by Plaintiff; the catastrophic injuries suffered by similarly situated users; and the fact that a flame arrestor would prevent injuries such as those suffered by Plaintiff.

    WHEREFORE, Plaintiff Justin Harter prays that she be awarded all compensatory and punitive damages due and owed, including attorney's fees and costs associated with the prosecution of this action, as allowed by Georgia law, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, this __4__ day of December 2018.

By:    _s/Brady R. Thomas_____
          Brady R. Thomas, Esq. (Ga. Bar #183237)
          RICHARDSON, PATRICK
          WESTBROOK & BRICKMAN, LLC
          1730 Jackson Street
          Post Office Box 1368
          Barnwell, South Carolina 29812
          Telephone: (803) 541-7850
          Fax: (803) 541-9625

          **Attorney for Plaintiff**